RECEIVED
NWFRC

FEB 1 0 2020

INMATE INITIALS_____

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_TALLAHASSEE_ DIVISION

# CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Robert Eugene Easley ,

Inmate # L11027 .

(Enter full name of Plaintiff)

vs.

CASE NO: 5:20cv56-TKW/MJF TBA

(To be assigned by Clerk)

FDOC, Secretary Mark S. Inch et al ,

Nurse Blacker ,

Nurse Pliskin ,

Nurse Bothkal ,

_____ .

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

FILED USDC FLND TL
FEB 13 '20 PM 1:34

I. **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: ROBERT Eugene EASLEY
Inmate Number: L11027
Prison or Jail: NWFRC (Main Unit)
Mailing address: 4455 Sam Mitchell Drive
Chipley, Florida 32428

II. **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1) Defendant's name: MARK S INCH
    Official position: Secretary, F.D.O.C.
    Employed at: Fla. Dept of Corrections
    Mailing address: 501 South Calhoun St.
    Tallahassee, Florida 32399

4) Nurse Bottkol
   A.RNP
   NWFRC (Main)
   4455 Sam Mitchell Drive
   Chipley, Florida 32428

(2) Defendant's name: Ms. Blocker
    Official position: H.S.A / Director of Nurses
    Employed at: NWFRC (Main AND Annex)
    Mailing address: 4455 Sam Mitchell Drive
    Chipley, Florida 32428

(3) Defendant's name: Mary Elizabeth Pliskin
    Official position: A.R.N.P.
    Employed at: 5563 10th St. (Jackson C.I.)
    Mailing address: 5563 10th Street
    Malone, Florida 32445

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

III. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV. **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

  A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
  Yes( )   No(X)

  1. Parties to previous action:
     (a) Plaintiff(s): N/A
     (b) Defendant(s): N/A
  2. Name of judge: N/A   Case #: N/A
  3. County and judicial circuit: N/A
  4. Approximate filing date: N/A
  5. If not still pending, date of dismissal: N/A
  6. Reason for dismissal: N/A
  7. Facts and claims of case: N/A

  (Attach additional pages as necessary to list state court cases.)

  B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

  Yes(X)   No( )

  1. Parties to previous action:
     a. Plaintiff(s): ROBERT EUGENE EASLEY
     b. Defendant(s): F.D.O.C et aL
  2. District and judicial division: Southern District (MIAMI)
  3. Name of judge: P.A. White   Case #: 11-CV-23547-CMA
  4. Approximate filing date: 2010 or 2011 (Not sure)
  5. If not still pending, date of dismissal: 2014 (Not Sure)
  6. Reason for dismissal: Lost Summary Judgment

3

SECTION B Continued:

1. Parties to Previous action: (EASLEY v. Balmir et al.)
   A) Plaintiff: Robert Eugene Easley
   B) Defendants: Balmir
2. District and Judicial Division: Southern District Miami
3. NAME OF Judge: P.A. White          CASE #: 13cv22234
4. Approximate Filing date: Not sure (2013)
5. IF Not still Pending, date of dismissal: Not sure (2014)
6. Reason for dismissal: failure to state a claim (failed to exhaust administrative remedies)
7. Facts and claims of case: Medical Deliberate indifference (denying special shoes)

Section "D" Continued:

1) Parties to Previous action: (EASLEY v. Ft. lauderdale Police Dep't et al)
   A) Plaintiff: Robert Eugene Easley
   B) Defendants: Ft. lauderdale Police Dep't et al
2) District and Judicial division: Southern District Miami
3) Name of Judge: P.A. White          CASE NO: 11CV60713
4) Approximate filing date: Not sure (2011)
5) IF not still pending, date of dismissal: Not sure (2011)
6) Reason for dismissal: failure to state a claim for which relief may be granted
7) Facts and claims of case: Not sure (memory failure)

1) Parties to Previous action: (EASLEY v. Dep't of children and families)(I was not incarcerated)
   A) Plaintiff: Robert Eugene Easley
   B) Defendants: Dep't of children and families
2) District and Judicial division: Southern District Miami
3) NAME of Judge: P.A. White          CASE NO: 06CV60010
4) Approximate filing date: Not sure (2006)
5) If not still pending, date of dismissal: Not sure (2006)
6) Reason for dismissal: dismissed failed to serve defendants timely
7) Facts and claims of case: My children were taken unlawfully in my opinion

(3A)

Section C Continued:

1) Parties to Previous action: Easley v. Ft. Lauderdale Police Dept (Was Not incarcerated)
(At the time of trial)

A) Plaintiff: Robert Eugene Easley
B) Defendants: Ft. Lauderdale Police officer's Wood and Bellerose

2) District and Judicial Division: Southern District (Ft. Lauderdale)

3) Name of Judge: Not sure (memory loss) P.A. White was the Magistrate   CASE NO: 05CV61592

4) Approximate filing date: Not sure (2005)

5) if not still pending, date of dismissal: Not sure 2008)

6) Reason for dismissal: Lost after trial

7) Facts and claims of case: Excessive force, that has caused irreversible memory problems


1. Parties to Previous action: Easley v. Mark S. Inch (2254 federal Habeas Corpus)

A) Plaintiff: Robert Eugene Easley

B) Defendants: FDOC Secretary Mark S. Inch

2) District and Judicial Division: Southern District (Ft. Lauderdale)

3) Name of Judge: Not sure        CASE NO: 18CV60485

4) Approximate filing date: Not sure (2018)

5) if not still pending, date of dismissal: Still Pending

6) Reason for dismissal: N/A

7) Facts and claims of case: Illegal Detention in violation of the U.S. Constitution Actual innocence claim


1) Parties to Previous action (Could be a duplicate): Easley v. Detective Ft. Lauderdale Police et al.

A) Plaintiff: Robert Eugene Easley
B) Defendants: Detective Edgar Cruz

2) District and Judicial Division: Southern District Miami

3) Name of Judge: P.A. White        CASE NO: 10CV60367

4) Approximate filing date: Not sure (2010)

5) if not still pending, date of dismissal: Not sure (2010)

6) Reason for dismissal: I voluntarily dismissed the action

7) Facts and claims of case: Not sure, I believe destruction of Brady Material

(3B)

Section C Continued

1) Parties to Previous action: Easley v. State of Florida (I have filed multiple Habeas Corpus's "I'm unsure" of dates and subject matter on all however, I do remember 3, the remaining involves memory loss. The majority deals with Manifest injustice claims, concerning my Pipeline Posture with new laws, my direct Appeal lawyer failed to argue, that warranted reversal of all my Convictions.

A) Plaintiff: Robert Easley
B) Defendants: State of Florida
2) District and Judicial Division: 4th District, Palm Beach
3) Name of Judges: Unsure. 3 Judge Panel (Names unknown)   Case No: 4D18-3644
4) Approximate filing date: Unsure (2018)
5) if not still pending, date of dismissal: Not sure (2018)
6) Reason for dismissal: Denied without an opinion
7) Facts and claims of case: Ineffective Assistance of Appellate counsel, failing to supplement my Direct Appeal Brief with new law change, that I was in the Pipeline of.

1) Parties to Previous action: Easley v State of florida (Habeas Corpus illegal detention, and Manifest injustice result)

A) Plaintiff: Robert Easley
B) Defendants: State of Florida
2) District and Judicial Division: 1st District Not sure of Judicial Division
3) Name of Judges: 3 Judge Panels (Names unknown)   Case No: 1D17-3771
4) Approximate filing date: Unsure (2017)
5) if not still pending, date of dismissal: Unsure (2017)
6) Reason for dismissal: Denied without an opinion
7) Facts and claims of case: Habeas Manifest injustice illegal detention, based on my Pipeline Posture with (2) Supreme court new laws, by the Florida Supreme Court, and the U.S. Supreme Court

(3C)

7. Facts and claims of case: DELiberate Indifference: inadequate MEDICAL CARE

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(X)   No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): ROBERT Eugene Easley
   b. Defendant(s): EDgar Cruz; Ft. lauderdale Police Dept.
2. District and judicial division: Southern District; MiAmi
3. Name of judge: P.A. White         Case #: 13-CV-61332
4. Approximate filing date: 8-27-13
5. If not still pending, date of dismissal: Not Sure (2013)
6. Reason for dismissal: I voluntarily dismissed the action
7. Facts and claims of case: BAD faith Destruction of Brady MATERIAL

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(X)   No( )

1. Parties to previous action:
   a. Plaintiff(s): Robert Eugene EAsley
   b. Defendant(s): FDOC. and MARY Pliskin
2. District and judicial division: Northern District/Pensacola/Panama City
3. Name of judge: T. KENT Wetherell II    Case Docket # 18-CV-00148-TKW-MJF
4. Approximate filing date: 10-16-18    Dismissal date: 8-12-19
5. Reason for dismissal: without Prejudice failed to list all prior suits

4

6. Facts and claims of case: <u>TITLE II ADA Discrimination and inadequate care Deliberate indifference, denying therapeutic soft shoes and other accommodations</u>

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

<u>Claim one</u> TITLE II, ADA and §504 Rehabilitative act discrimination, and 8th and 14th Amendment violations against Secretary Mark S. Inch, in his official capacity, for creating and implementing in systematic fashion, allowing his staff et al, to not be responsible for issuing the Plaintiff a renewal pair of "soft shoes" with insoles accommodations to the Plaintiff a 100% disabled man, adjudicated by Law, at NWFRC (Annex and main units) by Nurse Blocker initially, in 2017, fraudulently, acting outside her Authority, discontinuing Doctor's orders for a decade, citing a policy HSB# 15.03.25.02 mobility services. Due to the denial, led to the injury of blood clots from my left foot, to my upper leg, mass swelling, that lasted to the present, because the clot injury is irreversible. I also suffered degenerative bone damage in my left foot and ankle, establishing discrimination, because under Title II and §504 of the R.A. I'm entitled to shoe accommodations to aide my chronic back, diabetic Neuropathy, and foot deformities. Such a policy is discriminatory in its application, and violative of the 8th and 14th Amendments, by stopping already prescribed therapeutic soft shoes. Two, on April 25, 2018, at an A.D.A meeting, staff here at NWFRC (Annex) removed the Plaintiff's disabled status completely fraudulently in retaliation for him complaining about not getting the soft shoes, and from that day forward my A.D.A Bed and locker entitlement, was discontinued, my restricted activities I had passes for, and other A.D.A accommodations, like my back brace, and medications to aide my chronic back and nerve damages. stopped. To this day, I am not considered A.D.A. Such stoppage led to me being placed on a P2 grade list because I use a walker/Rollator, and not a wheelchair which

5

1 Plaintiff uses a rollator because his limitations include no prolonged standing, and his inability to walk long distances due to extreme pain and numbness, and nerve damage

had me in the infirmary multiple times, when I was denied doctors care, and treatment for blood clots by Nurse Blocker, where white inmates were sent to the hospital, in retaliation for me filing complaints, grievances, and getting disability rights involved thereafter, and such denial prevented me from participating in physical therapy, and exercising as doctor recommended, to this very day. Leaving me permanently incapacitated with irreversible life threatening clots. On 12.14.18, Assistant Warden Brown denied same, due to me having a P2 grade that stops me from being ADA covered. This has been unlawfully going on for over two years and I've exhausted the grievance process and Disability Rights has advocated these issues to include, the taking of my front door access pass to aide my blood clot condition, denying me access to food in effect, due to my impaired limitations. He is the A.D.A. coordinator. And he and Blocker confiscated the pass late 2019. Three such actions violates the Settlement agreement between Disability rights Florida v. F.D.O.C., that can be verified by affidavits and complaints filed by Curtis Filaroski of Disability Rights to FDOC, and FDOC refuses to comply, that has led to a lawsuit filed in State courts on 12.4.19. FDOC where I'm concerned is violating sections 18, 20, and 60 of the agreement. Nurse Pliskin continued the discriminatory acts, as well as Nurse Bottkol on different dates to the present, in violation of 42 USCS §12131 et seq, §12203, and §12132. Thus warranting compensatory monetary relief, and emergency injunctive relief. Such acts are humiliating and degrading, and contrary to congressional intent that's unambiguous.

Claim two. Deliberate indifference failure to treat life threatening blood clots and interfering with already prescribed treatment and discontinuing treatment unlawfully by Nurse Blocker, Nurse Pliskin, and Nurse Bottkol that I'm suing all (3) in their individual capacity. Nurse Blocker engaged in deliberate indifference, practicing medicine without a Doctors license, when she on or about 1-2018, diagnosed me having blood clots ordering an ultrasound and putting me in the infirmary at N.WFRC, instead of allowing me to go to the hospital to be seen by a doctor, where days later I was seen by Dr. Rosalvo, who said do to cost he cannot send me to the hospital. Nurse Blocker continued to deny me treatment stating a hospital will not do more than what she's prescribed, which was a false statement, and detrimental to my life, that's left me permanently incapacitated verified by Doctor Danny Vo Jacksonville Memorial and Dr. Vernon Montoya, R.M.C., 6 with permanent blood clots. The failure to treat by Defendant Blocker lasted until I was transferred to the main unit at N.W.F.R.C. The grievance process is exhausted, and such unconstitutional acts warrant compensatory, punitive, and injunctive relief for conditional medical release from prison.

(6)

so I can seek, and provide my own care, in an effort to save my life. Knowing untreated clots can kill me. She also denied soft shoes that led to my bloodclot injuries worsen

II. After being transferred to the main unit, I was seen by Nurse Pliskin, she failed to have me be seen by a doctor, unlawfully self endowing herself with the authority of a doctor, and refused to let me be seen by a doctor, or send me to the hospital to be treated like she did white inmates, whom she felt had clotting. Opting to prescribe her own course of treatment, that amounted to no treatment at all. And she did this retaliating against me because I filed complaints, grievances, and got disability rights involved. At one exam, she discontinued all my pain meds, muscle relaxers, and blood pressure meds, while practicing medicine without a Physician's license, interfering with already prescribed treatment, causing wanton infliction of pain to my chronic back, and feet conditions, and my new injury's of clotting. Which she knew required specialized treatment that her qualifications as a Nurse could not treat such injury. This went on for approximately a year until she left NWFRC, to work at Jackson C.I. Such failure to treat, has led to emotional distress, degradation, and humiliation, warranting compensatory monetary relief, punitive damages, and prospective damages, along with emergency injunctive relief, in her individual capacity. Where the grievance exhaustion has been exhausted, yet to no avail.

III. After Pliskin left, Nurse Bottkal took over seeing me, instead of allowing me to be seen by a doctor, Bottkal, failed to treat my clot injuries, and delayed me being seen by a doctor for months, beginning approximately in early 2019, late 2018. She also denied soft shoes initially, and discontinued my back brace, and restricted activities, button down shirt, and front cuff pass. After months of my blood clot conditions getting worse, and the swelling, and discoloration failed to get better. She finally put in for me to be seen by specialists, but it was too late the clotting has permanently manifested, and polluted my entire bloodstream, causing more clot problems due to such delay, leaving me permanently incapacitated, due to life threatening blood clots, now leaving me in the fear of imminent danger of death, at the present. My imminent danger of death, and being permanently incapacitated, has been verified by multiple specialists, whom both said had it not been for the unjustified delay in me seeing them, they could have cured the clot problem, but its too late now, and sent me back to prison, not able to treat me. The grievance process has been exhausted, and compensatory monetary relief is being seeked, for deliberate indifference as she practiced    (6A) medicine without a Physicians License, and

Punitive relief is also being seeked, due to the humiliation, degradation, and emotional distress, I'm left suffering with, for such failure to treat, and interfering with already prescribed Doctors treatment, as well as delaying treatment to my heightened clotting problems that has invaded my entire bloodstream permanently, I am sueing Bottkal, along with Pliskin and Blocker in their individual capacities. Not to mention all (3) have failed to treat my back and feet limitations, due to me having hammer toes, and neuropathy.

IV.     In conclusion, all (3) of these nurses knows the law as it stands today, does not give them the authority to act as if they are doctors, yet with such knowledge they acted fraudulently with a culpable state of mind to treat me being deliberately indifferent to my blood clot life threatening problems, that now has escalated out of control, warranting emergency injunctive relief, for conditional Medical release from my prison sentence, where the department has cited cost as being the reason my condition can not be treated, and I should not have to wait for a tragic event such as death to happen, for me to get treated, which is the crux to the filing of this 1983 civil suit, that's been explained in brief fashion, where in fact I possess alot of evidence to prove I'm worthy of monetary relief, and injunctive relief, supported by enormous documentations and caselaw. Where at the present, I'm not getting any treatment to my chronic conditions intentionally, in sadistic fashion, due to me filing grievances, complaints, and getting Disability rights of Florida involved, And now my conditions are getting worse, more rapidly, due to all named defendants criminal and civil actions, where I've clearly stated a civil cause of action for ADA discrimination, and deliberate indifference, and I plead with this court to allow this case to move forward expeditiously. The physical pain due to my back, feet, and leg conditions is unbearable, and has been compounded due to the clotting and degenerative bone damage, caused by discontinuing my A-DofA status and accommodation entitlement, and deliberate indifference. Please help I fear for my life all day everyday.

(6B)

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Claim one: Title II ADA and §504 Rehabilitative Acts discrimination via deliberate indifference due to FDOC's policy being unconstitutionally enforced in violation of the 8th and 14th Amendments, and 42 U.S.C. §§ 12131-12134 by defendant Inch in his official capacity, which involved Disability Rights Florida involvement.

Claim two: Deliberate indifference, failure to treat, and interfering with already prescribed treatment by Nurses discontinuing treatment, not treating, and delaying treatment for non-medical reasons to wit: complaints filed by the plaintiff and intervention by Disability Rights of Florida, establishing a classic case of deliberate indifference in violation of the Plaintiff's 8th and 14th amendment rights by Defendants Blocker, Pliskin, and Bottkal.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Emergency Injunctive relief by way of a Court ordered Conditional Medical release to attempt to save my life through proper treatment for blood clot injuries. Compensatory damages jointly and severly in the amount of $175,000, prospective damages jointly and severly in the amount of $175,000, and punitive damages jointly and severly in the amount of $425,000 from each defendant, and injunctive relief commanding FDOC to comply with the Settlement agreement re-issuing my ADA status and accommodations.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

2-6-20
(Date)

Robert Eugene Easley Pro Se
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 10th day of February, 2020.

Robert Eugene Easley Pro Se
(Signature of Plaintiff)

Revised 03/07

7

Robert Eugene Easley #L11021/D1-143 single
NWFRC (main unit)
4455 Sam Mitchell Drive
Chipley, Florida 32428

Mailed From A State Correctional Institution



MAILED FROM A STATE CORRECTIONAL INSTITUTION

Clerk, United States District Court
Northern District of Florida
Tallahassee Division
111 North Adams Street
Tallahassee, Florida 32301-7730

CHECKED FEB 13 2019

LEGAL

RECEIVED NWFRC
FEB 10 2020
INMATE INITIALS RE