UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ROBERT EUGENE EASLEY**,

    **Plaintiff**,

v.                                                  Case No. 5:20cv56-TKW-MJF

**RICKY D. DIXON**, **et al.**,

    **Defendants**.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DIMSISSING CASE UNDER 28 U.S.C. §1915(g)

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 112). Plaintiff filed objections to the R&R (Doc. 136) and Defendants Blocker (Doc. 138) and Dixon (Doc. 139) filed responses to the objections. The Court reviewed the issues raised in the objections de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court finds that this case is due to be dismissed without prejudice as recommended by the magistrate judge.

### Background

Plaintiff is a "three-strike" inmate, so he may not bring a civil action in federal court in forma paupers (IFP) unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Plaintiff initiated this case in February 2020, but he

did not pay the filing fee when he filed the complaint. Instead, he sought to proceed IFP under the "imminent danger" exception in §1915(g). *See* Doc. 2.

The magistrate judge initially allowed Plaintiff to proceed IFP based on the allegation in the complaint that he was in imminent danger of serious physical injury at the time the complaint was filed because he was not receiving any care for his chronic medical condition. *See* Doc. 6. However, the magistrate judge warned Plaintiff that "his [IFP] status may be revoked and this case dismissed" if it turned out that he was not in imminent danger at the time he filed the complaint. *Id.* at 7-8 (citing *McLeod v. Sec'y, Fla. Dep't of Corr.*, 778 F. App'x 663, 665 (11th Cir. 2019), for the proposition that "the district court has the authority to revisit its initial determination that a prisoner litigant is in imminent danger and revoke a prisoner's IFP status when new evidence comes to light that the prisoner was not in imminent danger at the time he filed the complaint").

In January 2023, the magistrate judge held an evidentiary hearing on the issue of whether Plaintiff was in "imminent danger when he initiated this case. The magistrate judge thereafter issued a R&R finding that Plaintiff falsely claimed to have been in imminent danger of serious physical injury at the time the complaint was filed and recommending that the case be dismissed under §1915(g). Plaintiff takes issue with that finding and recommendation (and the proceedings that led to them) in his objections.

2

The Court reviewed the issues raised in Plaintiff's objections along with the transcript of the evidentiary hearing held by the magistrate judge (Doc. 133) and the evidence introduced at the hearing (attachments to Doc. 111). Based on that review, the Court agrees with the magistrate judge's findings and recommended disposition of this case.

## Analysis

None of the myriad of arguments raised by Plaintiff in his objections are persuasive, but only three merit discussion: (1) that dismissal is not warranted because Plaintiff has now paid the filing fee; (2) that the magistrate judge improperly focused on the allegations in the original complaint, rather than the amended complaint; and (3) that the evidentiary hearing was unfair because Defendants did not timely disclose their witnesses. The Court rejects these arguments for the reasons that follow, and the Court rejects the remaining arguments in the objections without discussion.

The Court rejects the first argument (that dismissal is not warranted because Plaintiff has now paid the filing fee) for two reasons. First, as the magistrate judge found, the record reflects that Plaintiff's payment of the filing fee in December 2022 was a transparent effort to avoid the evidentiary hearing set by the magistrate judge to determine whether Plaintiff truthfully alleged that he was in imminent danger when he filed the complaint because the fee was paid within days after the magistrate

judge denied Plaintiff's motion to continue the hearing and rejected his argument that the magistrate judge lacked the authority to hold such a hearing. *See* Docs. 95, 98. Second, the Eleventh Circuit has held that a three-strike inmate is not entitled to an opportunity to pay the filing file after IFP status is denied because the inmate is required to pay the filing fee "at the time he <u>initiates</u> the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original).

The Court rejects the second argument (that the magistrate judge improperly focused on the allegations in the original complaint rather than the amended complaint) because the general proposition that an amended complaint supersedes the original complaint has no bearing on the narrow question decided by the magistrate judge—i.e., whether Plaintiff was in "imminent danger" when he filed the original complaint. Section 1915(g) focuses on the circumstances facing the inmate at the time he initiates the case, so it was appropriate for the magistrate judge to focus on the circumstances that Plaintiff alleged in the original compliant to determine whether he was in "imminent danger" at that time. Moreover, focusing on the amended complaint would not help Plaintiff because, as the magistrate judge explained in the R&R, the amended complaint does not explain what "imminent danger" Plaintiff was facing when he initiated this case. *See* Doc. 112 at 4-5.

The Court rejects the third argument (that the evidentiary hearing was unfair because Defendants did not timely disclose their witnesses and exhibits before the

4

hearing) because that issue was not raised at the evidentiary hearing.[1]  Although Plaintiff stated at the evidentiary hearing that he had not received Defendants' witness list, *see* Doc. 133 at 12, he did not request a continuance or otherwise object to proceeding with the hearing.  Likewise, Plaintiff did not object to any of the exhibits offered by Defendants at the hearing on the grounds that he did not timely receive them.  Additionally, although Plaintiff now complains that he did not receive Rule 26(a)(2) disclosures from Defendants' "expert" witnesses (Nurse Caldwell and Dr. Lay) and that a proper foundation was not laid for their testimony, Plaintiff did not object to the lack of disclosures, the witnesses' qualifications, or the foundation for their opinions at the evidentiary hearing and it is questionable whether Rule 26(a)(2) disclosures are even required at this stage of the case.  Finally, as Defendant Blocker persuasively argues in her response to Plaintiff's objections, Plaintiff cannot show prejudice because he has known the substance of Nurse Caldwell's testimony since October 2021 (*see* Doc. 37-1) and he had ample opportunity to cross-examine her and Dr. Lay at the evidentiary hearing—and he competently did so.

---

[1] The Court did not overlook that the magistrate judge denied Plaintiff's requests for extension of time to prepare for the hearing (*see* Docs. 94, 104), but Plaintiff did not renew those requests or otherwise seek a continuance at the evidentiary hearing.  Moreover, Plaintiff did not timely seek review of the magistrate judge's orders denying the requested extensions (as he could have under Fed. R. Civ. P. 72(a)), and the time for doing so has long since passed.

## Conclusion

In sum, the reasons stated above and in the R&R, the Court finds that this case must be dismissed under §1915(g) because Plaintiff is a three-strike inmate who did not pay the filing fee when he filed his original complaint and he should never have been allowed to proceed IFP because the more persuasive evidence establishes that he was not under imminent danger of serious physical injury at the time the complaint was filed. Accordingly, it is **ORDERED** that:

1. Plaintiff's objections are overruled, and the magistrate judge's R&R is adopted and incorporated by reference in this Order.

2. The Order (Doc. 6) authorizing Plaintiff to proceed IFP is **VACATED**, and Plaintiff's motion for leave to proceed IFP (Doc. 2) is **DENIED** nunc pro tunc to the date of the now-vacated Order allowing him to proceed IFP.

3. This case is **DISMISSED without prejudice** under 28 U.S.C. §1915(g).

4. The Clerk shall enter judgment in accordance with this Order and then close the case file.

**DONE and ORDERED** this 15th day of May, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**